# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MANU, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF OCEANSIDE COMMUNITY DEVELOPMENT COMMISSION (HOUSING DIVISION), *et al.*,<br><br>        Defendants. | Case No. 19-cv-00798-BAS-KSC<br><br>**ORDER DISMISSSING CASE WITHOUT PREJUDICE** |

Following this Court's order granting her motion to proceed *in forma pauperis* ("IFP") and dismissing the original single-sentence complaint without prejudice, Plaintiff Barbara Manu has filed a thirteen-page amended complaint. (ECF No. 4.) This amended complaint is subject to a mandatory screening given Plaintiff's IFP status. *See* 28 U.S.C. §1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."). Conducting this screening again, the Court finds that Plaintiff has still not provided sufficient factual allegations that would show she is entitled to any relief based on the alleged conduct.

**DISCUSSION**

Under §1915(e)(2), the court must dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against persons immune from suit. 28 U.S.C. §1915(e)(2)(B). The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). Under Rule 8, "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). A district court may dismiss a complaint for failure to comply with Rule 8 when the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996). The pleading must also set forth sufficient facts to show a plausible claim for relief. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In her original single-sentence May 1, 2019 complaint, Plaintiff brought suit against the Defendants for "Neighborhood Services Department Housing Division['s] refusal to inspect unsanitary apartment and threatening to terminate my Section 8 program." (ECF No. 1.) In her May 16, 2019 Amended Complaint, Plaintiff now alleges that the Division in fact inspected her apartment on May 10, 2019 after she requested an inspection on March 7, 2019 due to multiple issues, including lack of a toilet and not having water in the kitchen. (ECF No. 4 at 2–3.) Plaintiff also alleges that she and the apartment owner had agreed that the owner would "keep $1,995 deposit to cover April and May 2019" rent. (*Id*. at 5.) Plaintiff

alleges that the City "disagreed" and sent her a notice of termination of her Section 8 voucher because she "withheld the rent money." (*Id.* at 5.) The Amended Complaint contains contradictory allegations that apartment owner said she will renew the lease after May 31, 2019, but also said she will not renew the lease after it ends on May 31, 2019. (*Id.* at 4.) Plaintiff claims that she gave the apartment owner "30 days notice of vacating the apartment after the lease ends on March 7, 2019," but the owner refused to accept the document as evidenced by a returned mail receipt. (*Id.* at 4, 8 (IRS notice of mail misdirected).) Plaintiff otherwise attaches various documents, including: (1) an undated document from the City of Oceanside Community Development Commission regarding a right to request an informal hearing for an intended action with respect to Section 8 Rental Assistance, (*id.* at 11); (2) a single-page of a "Housing Assistance Payments Contract" through the "Section 8 Tenant-Based Assistance Housing Choice Voucher Program," showing that Plaintiff owed initial rent of $1,995, she would receive initial housing assistance in a monthly payment of $1,206 to the owner, and have an initial monthly tenant rent of $789, (*id.* at 12); (3) an excerpt from a lease document that fails to identify the property leased, but which shows a rent increase occurring on June 1, 2019, (*id.* at 15–16); and (4) a series of handwritten documents regarding an intent to vacate the apartment, including a document dated March 7, 2019 referring to a May 31, 2019 lease expiration, (*id.* at 17–18).

Having considered these allegations, it is simply not clear to the Court what claim for relief Plaintiff intends to raise based on these allegations, nor it is clear to the Court that Plaintiff has any claim. First, to the extent Plaintiff challenges the initial lack of an inspection, it would appear that any claim for injunctive relief is moot since inspection occurred. Plaintiff does not otherwise request monetary relief, nor is it clear to the Court on what basis she could receive such relief. Second, although Plaintiff indicates that the City of Oceanside intended to take some action

with respect to her Section 8 voucher, Plaintiff fails to provide any factual allegations showing when she received notice of the intended action or that her Section 8 voucher has in fact been terminated. Plaintiff identifies no concrete harm related to the Section 8 voucher for which she can seek a remedy from this Court. Third, it is unclear what claim Plaintiff seeks to press regarding her notice of intent to vacate her apartment as of May 31, 2019. Because Plaintiff filed the Amended Complaint on May 16, 2019, she could not plausibly allege that she faced any harm from the apartment owner's purported refusal of Plaintiff's March 7, 2019 notice, such as incurring additional rent charges. In short, the Court cannot find that Plaintiff has provided sufficient allegations that show she is entitled to any form of relief based on the conduct alleged.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE**. Plaintiff is provided with leave to file an amended complaint that corrects these deficiencies **no later than August 26, 2019**. This case will remain closed if Plaintiff fails to file an amended complaint or fails to correct the identified deficiencies in any amended complaint

**IT IS SO ORDERED.**

**DATED: August 12, 2019**

Hon. Cynthia Bashant
United States District Judge